UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPUBLIC AIRWAYS INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00986-SEB-TAB |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO STAY DISCOVERY
AND DEFENDANTS' MOTION TO STAY BRIEFING**

**I.    Introduction**

This matter stems from an underlying arbitration proceeding and disputes regarding whether the arbitrator was improperly selected and whether the underlying dispute between the parties is arbitrable. Pending before the Court are two motions to stay. Plaintiff Republic Airways Inc. asks the Court to enter a stay of discovery pending resolution of Republic's motion for summary judgment. [Filing No. 25.] Defendants International Brotherhood of Teamsters Local 357 and International Brotherhood of Teamsters (together, the Union) seek to stay briefing on Republic's motion for summary judgment. [Filing No. 37.] For reasons noted below, Republic's motion to stay discovery is granted, and the Union's motion to stay briefing is denied.

## II. Background

Republic's motion to stay [Filing No. 25] provides the following background information. In the underlying arbitration proceeding, the Union filed a grievance and sought arbitration regarding the termination of a probationary pilot, Elijah Burgess. Republic believes that a termination grievance for a probationary pilot is not arbitrable under the express terms of the collective bargaining agreement. Thus, Republic declined to participate in the selection of an arbitrator. [Filing No. 25, at ECF p. 2.] The Union then unilaterally selected an arbitrator, Sylvia P. Skratek, to hear its grievance. The arbitrator issued a decision finding she could accept unilateral appointment and that the underlying dispute was substantively arbitrable. [Filing No. 22-11.]

In response, the Union filed a "Motion for Entry of Judgment and Relief" with the arbitration proceedings. [Filing No. 22-12, at ECF p. 4.] Republic then filed the underlying complaint in this Court on June 10, 2024, challenging the selection of the arbitrator and seeking to vacate the arbitration decision under the Railway Labor Act on the grounds that the arbitrator exceeded her jurisdiction. [Filing No. 1.] On July 15, 2024, Republic filed a motion for summary judgment. [Filing No. 22.] A few days later, on July 19, 2024, Republic moved to stay discovery pending resolution of its motion for summary judgment. [Filing No. 25.] The Union opposes Republic's motion to stay. [Filing No. 26.]

In addition, on August 10, 2024, the Union filed a motion to dismiss this case for lack of jurisdiction. [Filing No. 34.] On August 12, 2024, the Union further moved to stay briefing on Republic's motion for summary judgment pending a case management/scheduling order on pending motions and discovery. [Filing No. 37.] Republic opposes the Union's motions. [Filing No. 40; Filing No. 41.] Both motions to stay now pend.

### III.  Discussion

Republic seeks to stay discovery pending resolution of its summary judgment motion. [Filing No. 25.]  District courts have "extremely broad discretion" in deciding whether to issue a stay of discovery, and "may limit the scope and timing of discovery through an exercise of [their] inherent authority to manage litigation or through [their] authority under Federal Rule of Civil Procedure 26(c), (d)."  *Sparger-Withers v. Taylor,* No. 1:21-cv-2824-JRS-MG, 2022 WL 1185747, at *2 (S.D. Ind. Apr. 21, 2022) (citations omitted).  The movant "bears the burden of proof to show that the Court should exercise its discretion in staying the case" and must show that "good cause exists for the stay."  *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, No. 1:13–cv–02009–TWP–MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015).  To determine whether to grant a stay of discovery, the Court considers three factors: (1) the prejudice to the non-moving party; (2) whether the issues will be simplified; and (3) whether a stay will reduce the burden of litigation on a party.  *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

Republic argues that a stay of discovery is warranted in this case because the record is complete.  [Filing No. 25, at ECF p. 4.]  Republic claims that in an action to vacate an arbitration decision, the only evidence that may be properly considered is the record before the arbitrator.  [Filing No. 25, at ECF p. 4.]  In contrast, the Union argues that the record is not complete, because the arbitrator has yet to rule on the underlying matter, and Republic has not included emails and matters raised since the filing of its case.  [Filing No. 26, at ECF p. 1.]  The Union claims that Republic "has deliberately interfered with the arbitration proceedings by sending the arbitrator copies of the complaint and instructing the arbitrator to do nothing further."  [Filing No. 26, at ECF p. 1.]

On April 25, 2024, the arbitrator issued a decision holding that (1) the Union's unilateral appointment of her has the arbitrator is proper and (2) the underlying dispute between the parties is substantively arbitrable.  [Filing No. 22-11 (Apr. 25, 2024, Skratek Decision).]  That decision is the arbitrator's final judgment on two jurisdiction issues, and on those issues, nothing more remains for the arbitrator's consideration.  *Publicis Commc'n v. True N. Commc'ns Inc.*, 206 F.3d 725, 729 (7th Cir. 2000) ("A ruling on a discrete, time-sensitive issue may be final and ripe for confirmation even though other claims remain to be addressed by arbitrators.").

Republic attached the complete record to its complaint and cites to controlling precedent establishing that on motions to vacate arbitration decisions, courts do not consider new evidence or any evidence beyond the record before the arbitrator.  *See, e.g., Bhd. of Locomotive Engineers & Trainmen, Gen. Comm. of Adjustment, Cent. Conf. v. Union Pac. R.R. Co.*, 719 F.3d 801, 803 (7th Cir. 2013) (Under the Railway Labor Act, "[a] reviewing court therefore may disturb an arbitration aware only if the arbitrator did not comply with the [RLA], exceeded the arbitral jurisdiction, or committed fraud."); *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 313 (7th Cir. 1981) (noting that the Federal Arbitration Act "does not allow vacation of an award for new evidence").  *See also Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Loc. 731*, 990 F.2d 957, 960 (7th Cir. 1993) ("Failure to present an issue before an arbitrator waives the issue[.]").  The Union fails to acknowledge the fact that precedent dictates that the record before the Court must be the record that was before the arbitrator who issued the underlying decision that Republic now seeks to vacate.  The Union cannot use these proceedings to enlarge that record.

Moreover, Republic, as the party seeking to stay discovery, has the burden of proof to show that there is good cause for the Court to exercise its discretion and stay this case.  *See Robinson*, 2015 WL 3961221, at *1.  Applying the three factors noted above, good cause exists.

4

First, the Union would suffer no prejudice or tactical disadvantage by staying discovery pending resolution of Republic's motion for summary judgment (and the Union's motion to dismiss). The motion for summary judgment relies on the documentary record before the arbitrator, which is already available to the Union. No further discovery is necessary.

Second, a stay would simplify the issues before the Court. The only issues before the Court are whether the arbitrator exceeded her jurisdiction by accepting her unilateral appointment as arbitrator and by deciding a disputed question of substantive arbitrability. The latter is a pure question of law, while the former requires consideration only of the record before the arbitrator. Thus, no additional discovery is needed to resolve the questions before the Court, and a stay prevents the possibility of confusing or complicating the issues.

Finally, a stay will reduce the burden of litigation on both parties. As noted above, newly discovered evidence is not considered when vacating an arbitration decision on the basis that an arbitrator exceeded their jurisdiction. Therefore, discovery intended to uncover evidence beyond the record before the arbitrator is unnecessary. A stay pending the Court's decision on pending dispositive motions will prevent unnecessary expenditure of time and resources and thus reduce the burden of litigation on both parties. Accordingly, good cause exists to stay discovery in this matter.

The Union notes that Republic has sought a stay in every case pending in this dispute and argues that Republic does not have a good faith reason to deny it discovery in all the pending cases. [[Filing No. 26, at ECF p. 3](#).] Thus, the Union claims that it is "entitled to seek and obtain evidence concerning Republic's decisions and motivation to refuse to attend the arbitration." [[Filing No. 26, at ECF p. 3](#).] However, this is outside the scope of the issues at hand. Republic's motion for summary judgment must be judged on the record before the arbitrator. Republic's

5

motivations bear no relationship to whether the arbitrator exceeded her jurisdiction. Moreover, this new argument regarding bad faith is impermissible, as there is no indication such an argument was made before the arbitrator. Seeking a stay is a common practice when one party seeks to vacate an arbitration decision or otherwise challenge the arbitrability of a dispute, and often the parties simply agree to such practice. *See, e.g., United Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, No. 1:20-cv-00445 (E.D. Va. May 21, 2020), ECF No. 17, at 2 ("Discovery will not be needed in this matter, pursuant to an agreement of the Parties."); *Ass'n of Flight Attendants – CWA v. United Airlines, Inc.*, No. 1:19-cv-02867 (N.D. Ill. July 15, 2019), ECF No. 20 at 1 ("The Court will exempt this case from participation in the Mandatory Initial Discovery Pilot program as the parties stipulate that no discovery will be conducted in this proceeding.").

      The Union also seeks to stay briefing on Republic's motion for summary judgment pending a case management and scheduling order on pending motions and discovery. [Filing No. 37.] The Union's motion is denied. The Court can address the Union's pending motion to dismiss and Republic's motion for summary judgment at the same time, without any additional discovery. The Union's response brief to Republic's motion for summary judgment is late, and it has not sought an extension of time to file it. Despite this inexcusable delay, the Court will give the Union a brief extension of time to file its response to Republic's motion. Thus, any response is due by August 30, 2024.

### IV. Conclusion

For these reasons, the Union's motion [Filing No. 37] to stay briefing on Republic's motion for summary judgment is denied, and Republic's motion [Filing No. 25] to stay discovery pending resolution of the motion for summary judgment is granted.

This matter remains set for an initial pretrial conference on September 6, 2024. However, the parties need not file a proposed Case Management Plan. Instead, they should be prepared to discuss resolution of this case and whether the parties would benefit from an early settlement conference with the magistrate judge.

Date: 8/20/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email