UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPUBLIC AIRWAYS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:24-cv-00986-SEB-TAB |
| | ) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM**

This is an action for injunctive relief and declaratory judgment in relation to an underlying arbitration proceeding. Before the Court is Defendants International Brotherhood of Teamsters Local 357 and International Brotherhood of Teamsters' motion for leave to file counterclaim. [Filing No. 52.] Plaintiff Republic Airways Inc. opposes the motion. For reasons stated below, Defendants' motion is denied.

On June 10, 2024, Plaintiff filed a complaint initiating this action requesting to vacate an arbitration decision, injunctive relief, or in the alternative, seeking a declaratory judgment claiming the arbitration could not proceed for want of jurisdiction under the Railway Labor Act. [Filing No. 1.] Both parties have since filed dispositive motions. On July 15, Plaintiff filed a motion for summary judgment [Filing No. 22], and on August 10, 2024, Defendants filed a motion to dismiss for lack of jurisdiction [Filing No. 34]. Defendants argue in their motion to dismiss that the case is not appropriate for adjudication because the arbitrator had yet to issue her final ruling. However, there has now been a final ruling by the arbitrator. On October 30, 2024, the System Board of Adjustment issued an award in Defendants' favor. [Filing No. 52-1, at ECF

p. 9.] Defendants contend that Plaintiff has refused to accept the arbitration award and continues to violate it. Defendants now request leave to file a counterclaim because it arises out the same transaction/occurrence as the subject of Plaintiff's claim, does not require adding an additional party, and the merits are necessarily intertwined with Plaintiff's initial complaint. [Filing No. 52, at ECF p. 2.]

Plaintiff opposes Defendants' motion, arguing it is procedurally improper. [Filing No. 54.] Federal Rule of Civil Procedure 13(a) requires any counterclaim be filed in a "pleading." While Defendants moved to dismiss Plaintiff's complaint for lack of jurisdiction, Defendants have not yet filed an answer or other pleading under Rule 7(a). A motion to dismiss is not a "pleading" under the operative rules. Thus, Defendants' attempt to file a standalone counterclaim with no answer on file is procedurally improper.

Plaintiff acknowledges that courts *may* construe a request to file a counterclaim as a request for leave to file an answer or an amended answer for purposes of efficiency. S*ee, e.g.,* ZF Steering Sys., LLC v. Busche Enter. Div., Inc., No. 1:12-CV-316-TLS, 2013 WL 1856982, at *6 (N.D. Ind. May 2, 2013). However, this is discretionary. Courts also have broad discretion to deny leave to amend where there is "undue delay or undue prejudice [that] would result to the opposing party[.]" Thompson v. Ill Dep't of Pro. Regul., 300 F.3d 750, 759 (7th Cir. 2002). Even if the Court were to construe Defendants' motion in the present case as seeking leave to file an answer and counterclaim under Rule 15(a), the Court denies Defendants' request at this time. Plaintiff filed an expedited motion for summary judgment to vacate the threshold arbitrator decision, which is pending before the Court. Judicial economy and efficiency are best served by allowing the jurisdictional issues raised in the motion for summary judgment to be resolved first.

If the Court grants Plaintiff's motion for summary judgment, that will end this case, and the proposed counterclaim will never be reached or decided.  Permitting Defendants to file a counterclaim and enforce the arbitrator's decision at this time would have a substantial adverse impact on this Court's interest in judicial economy and on Plaintiff's interest in resolving its pending claim before incurring costs and burden of litigating the proposed counterclaim.  Plaintiff further argues that Defendants have repeatedly delayed the proceedings in this case by failing to abide by court-ordered deadlines.  Defendants have sought extensions, failed to meet those extended deadlines, and unilaterally granted itself further extensions.  The Court has already noted Defendants' "inexcusable delay" in responding to Plaintiff's motion for summary judgment.  [*See* Filing No. 43, at ECF p. 6.]

Thus, judicial economy and efficiency favor denying the counterclaim for now.  Accordingly, Defendants' motion [Filing No. 52] is denied.  If the Court ultimately denies the pending motion for summary judgment and motion to dismiss, and finds the arbitrator had jurisdiction, Defendants can request leave to file an answer and counterclaim at that time.

Date: 2/27/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email